### SHOE v. GEORGE F. CRAIG & CO.

(Circuit Court of Appeals, Third Circuit. February 14, 1912.)

No. 1,562.

1. SHIPPING (§ 194*)—GENERAL AVERAGE—TOWAGE CHARGES FOR SCHOONER.

A schooner on a voyage from Florida to Philadelphia with a cargo of lumber owned by a single consignee was disabled in a storm, and compelled to put in to Charleston, S. C., as a port of refuge. The owner, whose place of business was in Philadelphia, and but a few blocks from that of the consignee, was at once notified, and, without consulting or even notifying the consignee, sent a tug to Charleston, and had the schooner towed to Philadelphia. There was no occasion for haste, and the vessel was in fact in such condition that the cargo was endangered by the voyage. Held, that it was the duty of her owner to consult with the owner of the cargo before taking such action, and that not having done so, but having acted solely in the interest of the vessel and her freight, he was not entitled to require the cargo owner to contribute to the towage as a general average charge.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 613–617; Dec. Dig. § 194.*

General average, see notes to Pacific Mail S. S. Co. v. New York H. & R. Min. Co., 20 C. C. A. 357; The Santa Anna, 84 C. C. A. 316; British & Foreign Marine Ins. Co. v. Maldonado & Co., 106 C. C. A. 133.]

---

2. ADMIRALTY (§ 122*)—COSTS.

 Where the respondent in a suit in admiralty denies all liability, and there is a substantial recovery against him although not for the full amount demanded, he should, in the absence of special circumstances, be taxed with all the costs.

 [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 797–827; Dec. Dig. § 122.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Suit in admiralty by Bonaparte Shoe, managing owner of the schooner Matilda Borda, against George F. Craig & Co. Decree for libelant for part damages, and he appeals. Modified and affirmed.

For opinion below, see Shoe v. Craig, 189 Fed. 227.

Lewis, Adler & Laws, for appellant.

Theo. M. Etting and Howard M. Long, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. [1] In the court below, Bonaparte Shoe, managing owner of the schooner Matilda Borda, filed a libel against Craig & Co. to enforce contribution in general average. While en route from Fernandina, Fla., that vessel, having for her sole freight a cargo of lumber for Craig & Co. at Philadelphia, was disabled by a violent storm, and compelled to bear away to Charleston, S. C., her nearest port of refuge. From there she was subsequently towed to Philadelphia. The full facts of the case are set forth at length in the opinion of the court below reported in 189 Fed. 227, and need not be restated. The principal item in dispute finally proved to be $1,200, the tug's charge for towage, though by their answer the respondents denied that "the sum of $1,045.15, as alleged, is due, or that any other sum is due by the respondents to the libelant." From a decree in libelant's favor for $356.10, but without full costs, and which disallowed the towage item entirely, libelant appealed to this court.

Whatever might be our views on the interesting question of the right of a disabled sailing vessel to enforce contribution for steam towage, a maritime practice which is strengthening and is justly regarded with favor (Lowndes on General Average [4th Ed.] 232), we do not find the facts of this case call for its application. Here the cargo was owned by a single person—a very different case from a mixed cargo owned by numerous and scattered persons. There was no impelling call on the master for prompt action and decision. The managing owner, who was in Philadelphia, was notified at once, and took entire charge of the vessel's movements. The cargo owners were also in Philadelphia, and their place of business was close to that of the managing owner's, but the latter did not inform Craig & Co. of the vessel's plight or confer with them in any way. The injury to the vessel was such that, even when repaired, towing her to Philadelphia subjected the cargo, if the weather proved bad, to such grave peril as deserved the consideration of a cargo owner before being

undertaken. There was ample time for considerate and deliberate conference and determination by all parties concerned, so much time, in fact, that the tug was sent from Philadelphia to Charleston before the towing was undertaken. Under such circumstances, we are constrained to conclude that the managing owner, instead of considering himself the representative of both vessel and cargo and acting as such, wholly ignored the cargo and its owners, and acted in the interest of the vessel alone. We agree with the finding of the court below that, after reaching Charleston, the master and owner of the schooner "were acting solely in the interest of the freight, and were mainly anxious to finish her voyage in order to save the full amount." The acts of the master and owner in ignoring the cargo owner and treating the whole situation solely from the standpoint of their own interests were so at variance with their duty as representative of all interests that no equitable basis exists for the enforcement of rights whose foundation is considerate regard for the common weal. It may be true in this case that the managing owner's course in towing the damaged vessel home fortunately benefited the cargo owners, but that course was undertaken solely for the benefit of the vessel and might have resulted most disastrously to the owners whose cargo, without their acquiescence, or even knowledge, was thus subjected to an avoidable peril. We are therefore of opinion the court below rightly refused to include towage service in its decree.

[2] As, however, the cargo owners by their pleadings denied all liability, and the decree, from which they took no appeal, was against them for a substantial sum, we see no reason why, in the absence of any special consideration to the contrary, full costs should not follow the decree. With this modification of costs for the libelant in the court below the decree is affirmed, with costs.